UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-23463-Civ-COOKE

BRIAN H. SQUIRE,

    Plaintiff,

vs.

GEICO GENERAL INSURANCE
COMPANY,

    Defendant.

_____/

## ORDER REMANDING CASE

THIS MATTER is before me on Defendant Geico General Insurance Company's Notice of Removal (ECF No. 1). Plaintiff Brian H. Squire ("Plaintiff" or "Mr. Squire") initiated this action against multiple Defendants, including Clark & Robb, P.A. d/b/a Clark, Robb, Mason, Coulombe & Buschman (the "law firm"), attorney James L. Clark ("Mr. Clark"), and Geico General Insurance Company ("Geico"). Plaintiff's action arises out of a civil suit brought against Plaintiff, a Florida resident, for hitting a bicyclist while driving his car. The bicyclist died as a result of injuries sustained from the accident. Defendant Geico was Plaintiff's insurer at the time of the accident and offered, under the terms of Plaintiff's insurance policy, bodily injury coverage capped at $300,000. When litigating the lawsuit on behalf of Plaintiff though, Geico did not offer the policy limit or attempt to settle with the bicyclist's estate. After a trial, the bicyclist's estate recovered a judgment of over seven hundred thousand dollars against Plaintiff.

Plaintiff then initiated the present action against Defendant in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, 2012-CA-030975, on August 7, 2012, alleging that the excess judgment rendered in the bicyclist's lawsuit was a result of Geico's bad faith handling of the suit and its law firm's legal malpractice. Geico attempted to remove Plaintiff's lawsuit to the Southern District of Florida on September 11, 2012. However, Judge Cecilia Altonaga entered an Order granting Plaintiff's Motion to Remand. *See* Order, Case No. 12-Civ-23315-Altonaga, ECF No. 23.

Once the case was removed back to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Plaintiff dismissed Mr. Clark from the action on June 18, 2013 and dismissed the law firm from the action, with prejudice, on September 14, 2015. Soon thereafter, Defendant filed the instant Notice of Removal on September 15, 2015, alleging that this Court has diversity jurisdiction over this action and that this Court should look past the one year limit on removal of diversity cases due to Plaintiff's bad faith in joining parties, namely the law firm and Mr. Clark, for the sole purpose of defeating diversity of citizenship.

## I.   DISCUSSION

The removal statute, 28 U.S.C. § 1441, provides, in pertinent part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant … to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. The "original jurisdiction" of a federal district court includes diversity jurisdiction. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity of citizenship and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "A case may not be removed … on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

Defendant once again attempts to remove this action, and once again, this case must be remanded. Defendant's Notice of Removal rehashes the same issues previously addressed by Judge Altonaga. The arguments raised by Geico with regard to Plaintiff's alleged bad faith in joining the law firm and Mr. Clark as Defendants in his action are not persuasive; Judge Altonaga thoroughly analyzed the relevant arguments and law, and properly concluded that the joinder of the law firm and Mr. Clark as Defendants in this action did not constitute bad faith. I agree with the well-reasoned and thorough analysis of Judge Altonaga when she addressed the same arguments presented here. Therefore, since Plaintiff filed his Complaint in state court on August 7, 2012, and Defendant did not file its Notice of Removal until over three years later, on September 15, 2015, removal of this case is improper under 28 U.S.C. § 1446. *See Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) ("[A]ll doubts about jurisdiction should be resolved in favor of

2

remand to state court.").

## II. CONCLUSION

Based on the foregoing, it is **ORDERED and ADJUDGED** that Plaintiff's Complaint (ECF No. 1-8) is **REMANDED** to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The Clerk shall **CLOSE** this case. All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in chambers, at Miami, Florida, this 28th day of September 2015.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Counsel of Record*